```
                    UNITED STATES DISTRICT COURT

                    FOR THE DISTRICT OF ARIZONA
                    _____


United States of America,    )
                             )    Phoenix, Arizona
            Plaintiff,       )    May 9, 2019
                             )    2:06 p.m.
        vs.                  )
                             )
Reginald Fowler,             )    No. CR 19-9181MJ
                             )
            Defendant.       )
_____)



    BEFORE:   THE HONORABLE MICHELLE H. BURNS, MAGISTRATE JUDGE

                    TRANSCRIPT OF PROCEEDINGS
                        (Detention Hearing)


APPEARANCES:
For the Plaintiff:
        U.S. ATTORNEY'S OFFICE
        By:  Vincent Kirby, Esq.
        40 North Central Avenue, Suite 1800
        Phoenix, Arizona 85004

For the Defendant:
        FEDERAL PUBLIC DEFENDER'S OFFICE
        By:  Gerald Williams, Esq.
        850 West Adams Street, Suite 201
        Phoenix, Arizona 85007


Transcriptionist:
Laurie A. Adams
Sandra Day O'Connor U.S. Courthouse, Suite 312
401 West Washington Street, SPC-43
Phoenix, Arizona 85003-2151
(602) 322-7256

Proceedings Recorded by Electronic Sound Recording
Transcript Produced by Transcriptionist
```

```
 1                    P R O C E E D I N G S
 2              THE MAGISTRATE COURTROOM CLERK:  Case Number
 3   19-9181MJ, United States of America versus Reginald Fowler, set
 4   before the Court for a detention hearing.
 5              MR. KIRBY:  Good afternoon, Your Honor.  Vincent Kirby
 6   appearing on behalf of the United States.
 7              THE COURT:  Good afternoon.
 8              MR. WILLIAMS:  Good afternoon, Your Honor.  Gerald
 9   Williams on behalf of Mr. Fowler.
10              THE COURT:  Good afternoon, Mr. Williams.
11              Hello, Mr. Fowler.
12              THE DEFENDANT:  Good afternoon, Your Honor.
13              THE COURT:  So my understanding is this matter is set
14   for a detention hearing.  My understanding is that the
15   Assistant United States Attorneys in New York are agreeing to
16   Mr. Fowler's release on bond.  Is that correct?
17              MR. KIRBY:  That's correct, Your Honor.
18              THE COURT:  Property bond.
19              And so I'm inclined to go along with that agreement,
20   Mr. Fowler.  So I am going to release you, I think, today.  But
21   are we going to be able to do that today?  Does he have to go
22   to New York for that property bond to be -- I'm just not sure
23   how to do this procedurally.
24              MR. KIRBY:  Your Honor, our information is they are
25   hopeful that the bond amounts and the postings will be done by
```

1  the scheduled arraignment date of May 15th.  But we checked
2  with New York, and this is a little bit unusual.  I have not
3  seen it, but they are in agreement with release today with the
4  bond information or bond postings to be done between now and
5  the arraignment.
6          THE COURT:  Are you in agreement with that, Mr.
7  Fowler?
8          THE DEFENDANT:  Absolutely, Your Honor.
9          THE COURT:  All right.  Then why don't you and your
10 counsel come up here to the lectern.  I'm going to go over your
11 release conditions with you.
12         You have somebody to pick him up and take him where he
13 needs to go?
14         MR. WILLIAMS:  I do, Your Honor.  They are here in the
15 courtroom.
16         THE COURT:  Mr. Fowler, I'm going to release you on
17 some conditions.  I'm going to go over those conditions with
18 you.  It's important that you understand what you will be
19 required to abide by, because if you violate any condition you
20 will be back in custody.
21         Do you understand this?
22         THE DEFENDANT:  Yes, Your Honor.
23         THE COURT:  So you are released on a $5 million
24 secured bond which will be -- will have two financial
25 responsible co-signers and real property to be posted in the

```
 1   Southern District of New York.  You are to appear at all
 2   proceedings as required and surrender for the service of any
 3   sentence that may be imposed.
 4           You are not to commit any federal, state, or local
 5   crime.  You are to cooperate in the collection of a DNA sample
 6   if that collection is mandated by statute.
 7           You are to immediately advise the Court, defense
 8   counsel, and the US Attorney in writing of any change in
 9   address or telephone number.  You are to maintain or actively
10   seek verifiable employment if you are physically and medically
11   able and provide such to Pretrial Services.  You are not to
12   travel outside the Southern District of New York, the Eastern
13   District of New York, and the District of Arizona unless
14   express prior Court or Pretrial Services permission is granted
15   to do so.  Additional domestic travel subject to approval by
16   Pretrial Services.  I don't imagine you are going to be driving
17   to New York, but if you are, if that's how you are going to get
18   there.  I don't imagine you would be.
19           THE DEFENDANT:  I would not, Your Honor.
20           THE COURT:  Nobody drives across the country anymore.
21   But if you were to drive you certainly could and you would be
22   permitted to drive through any states that were in between.
23           You shall surrender all travel documents to Pretrial
24   Services by -- how long would he need, Mr. Williams, to
25   surrender any travel documents?
```

1          MR. WILLIAMS:  Your Honor, I have his passport.
2          THE COURT:  So by the end of the day today?
3          MR. WILLIAMS:  Yes.  Should I surrender it to pretrial
4   or --
5          THE COURT:  Mr. Briseno, can Mr. Williams just hand
6   you that travel document?
7          All right.  The record is reflecting Mr. Williams is
8   handing Mr. Briseno from Pretrial Services Mr. Fowler's
9   passport.  So I will keep that condition but the record
10  reflects that that has been turned over.
11         You will not obtain a passport or other travel
12  document during the pendency of these proceedings.  Please
13  maintain weekly contact with your counsel, Mr. Williams or I'm
14  assuming you will have -- once you get to New York and appear
15  in New York you are to maintain weekly contact with that
16  counsel.
17         I think that's all the conditions that were
18  recommended.  Mr. Kirby?
19         MR. KIRBY:  Your Honor, there was one additional one
20  that was approved that he would not open any -- no new lines of
21  credit without pretrial approval.
22         THE COURT:  I do see that.  Also you shall not open
23  any new lines of credit without prior Pretrial Services
24  approval.  And you are also ordered to appear -- do you have
25  that --

1        THE PRETRIAL SERVICES OFFICER:  I don't have that.
2        MR. WILLIAMS:  I think it's April 15.
3        THE COURT:  I heard April 15th is the arraignment
4 date.
5        MR. KIRBY:  Yes, Your Honor.  Actually this comes from
6 the judge who approved these conditions.  Arraignment is set
7 for May 15th at 4:30 p.m., and it is at the -- the assigned
8 judge is Judge Andrew Carter, sits in Courtroom 1306 at 40
9 Foley Square in New York.
10        THE COURT:  40 Foley Square?
11        MR. KIRBY:  Let me try that again.  Just 40 Foley
12 Square.
13        THE COURT:  So you will need to appear for that
14 arraignment, Mr. Fowler.  And that is the -- that's the
15 Southern District of New York.  What city is that in?  Did you
16 say the city?
17        MR. KIRBY:  I did not.  I believe it's in New York
18 City.  That's at least where the Southern District is.
19        THE COURT:  All right.  It's New York City.
20        Anything further we need to address in this matter,
21 Mr. Kirby?
22        MR. KIRBY:  No, Your Honor.  Thank you.
23        THE COURT:  You're welcome.  Mr. Williams?
24        MR. WILLIAMS:  No, Your Honor.  Thank you for
25 expediting the hearing.

```
 1              THE COURT:  You're welcome.  Thank you.
 2              Good luck, Mr. Fowler.
 3              THE DEFENDANT:  Thank you very much, Your Honor.
 4              THE COURT:  You're welcome.
 5              Oh.  There's some bond paperwork that he needs to
 6   sign.
 7              MR. WILLIAMS:  He wasn't able to sign it.  I was
 8   unclear what was supposed to be filled out.
 9              THE COURT:  Do you want to approach and I will take a
10   look at it?  I don't know what I will be looking at but let's
11   see.
12              So that's fine.  Defendant's signature.  Do we have
13   enough to give this back to him?
14              What about the bail information sheet, did you fill it
15   out?
16              THE PROBATION OFFICER:  Just needs to fill out his
17   information.
18              THE COURT:  Just have him fill out that information
19   then.  I have to sign it.
20              All right.  Thanks.
21              (Proceeding concluded at 2:15 p.m.)
22
23
24
25
```

**C E R T I F I C A T E**

I, LAURIE A. ADAMS, court-approved transcriber, certify that the foregoing is a correct transcript from the official sound recording of the proceedings in the above-entitled matter.

DATED at Phoenix, Arizona, this 25th day of July, 2019.

s/Laurie A. Adams
_____
 Laurie A. Adams